IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELOS KOLOBOTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-967-B-BN |
| | § | |
| CAPITAL ONE BANK, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Although this litigation was initiated in a Dallas County justice of the peace ("JP") court in July 2024 and later appealed to a Dallas County court at law in September 2025, Defendant Capital One, N.A. removed it on March 25, 2026 based on *pro se* plaintiff Angelos Kolobotos's making a disclosure (on March 3, 2026) and filing an amended complaint (on March 14, 2026) through which, Capital One argues, Kolobotos asserts for the first time that his damages exceed $75,000, and, so, this lawsuit is removable under 28 U.S.C. §§ 1332 and 1446(b)(3). *See* Dkt. Nos. 1-3.

Senior United States District Judge Jane J. Boyle referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

And the undersigned recommends that the Court *sua sponte* remand this lawsuit to state court for lack of subject matter jurisdiction.

### Legal Standards

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

So they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, "[u]nder 28 U.S.C. § 1446(b)(3), where the original complaint is not initially removable, a defendant may later remove the case to federal court after receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Nieto v. Lantana Cmty. Ass'n, Inc.*, No. 4:19-CV-00239, 2019 WL 3502794, at \*5 (E.D. Tex. Aug. 1, 2019).

> Generally, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. In these diversity cases, a plaintiff will typically bring a state-law claim against a diverse party in state court but will not allege an amount in controversy in the complaint. Then, some "other paper" will enable the defendant to ascertain the amount in controversy, establishing federal diversity jurisdiction under 28 U.S.C. § 1332. In these cases, the other paper provides new information – not contained in the complaint – that enables the defendant to ascertain that the case is one which is or has become removable under § 1446(b)(3). When the defendant receives this other paper, the 30-day removal clock begins.

*Id.* (cleaned up).

It is Capital One's burden to show that the Court had subject-matter jurisdiction at the time of removal. *See St. Paul Reinsurance Co. v. Greenberg*, 134

F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

And, because "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted), they are "entitled to consider sua sponte whether the jurisdictional amount in controversy requirement had been fulfilled," *Ferrari v. Francis*, 732 F. Supp. 3d 650 752-53 (N.D. Tex. 2024) (quoting *Mitchell v. Metro. Life Ins. Co.*, 993 F.2d 1544, 1993 WL 185792, at *2 n.3 (5th Cir. 1993); citing *United States v. Lee*, 966 F.3d 310, 320 n.3 (5th Cir. 2020) ("Unpublished decisions issued before 1996 are binding precedent. 5TH CIR. R. 47.5.3.")).

### Discussion

Under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Complete diversity of citizenship has been plausibly alleged through the notice of removal. *See, e.g.*, Dkt. No. 1, ¶ 8.

But, in this case, where the operative complaint "does not allege a specific amount of damages," Capital One has not shown "by a preponderance of the evidence that the amount in controversy exceeds" $75,000. *See Greenberg*, 134 F.3d at 1253 &

n.13; *Ferrari*, 732 F. Supp. 3d at 654.

The amount in controversy "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is because "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253 (cleaned up).

But, "if a state-court 'petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds \$75,000.'" *Werder v. Allstate Fire & Cas. Ins. Co.*, No. 3:24-cv-130-BN, 2024 WL 2162821, at *2 (N.D. Tex. May 14, 2024) (quoting

- 4 -

*Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022)).

"The defendant can meet that burden in one of two ways: (1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro*, 39 F.4th at 314 (cleaned up).

Here, Capital One attempts to meet this burden by pointing to Kolobotos's recent "other paper" disclosure – and subsequent allegation – that he "seeks monetary relief greater than $20,000 but less than $250,000, exclusive of interest and costs." Dkt. No. 1-1 at 2 & 6 (cleaned up); Dkt. No. 1-3 at 4 (cleaned up).

And, even if the Court were to find that these March 2026 revelations are not subject to 28 U.S.C. § 1446(c)(1), which prevents subsection (b)(3) removals based on diversity jurisdiction made more than one year after the case commenced – and would seem to apply here considering that this case was filed in the JP court in September 2024 – because it accepts Capital One's argument that it removed this case less than one year after it was appealed to the county court at law or, in the alternative, that Kolobotos has acted in bad faith, *see* Dkt. No. 1, ¶¶ 13 & 15-17; 28 U.S.C. § 1446(c)(3)(B) – Capital One still has not shown that the applicable "other paper" and amended allegations show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

That is, they may "reveal[ that Kolobotos believes] his damages to be as high as $250,000." Dkt. No. 1, ¶ 9. But they also reveal that the floor for such damages ($20,000) is $55,000 below the jurisdictional minimum.

Take a similar example – pleading under Texas Rule of Civil Procedure 47(c). As the undersigned has explained,

> pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) is, for purposes of 28 U.S.C. § 1446(c)(2), an "indeterminate" or "unspecified amount of damages." And, so, allegations of those ranges do not "constitute a specific sum demanded that is dispositive of the jurisdictional question." *Adame v. Bunton*, No. EP-22-CV-00464-DCG, 2022 WL 20158117, at *2 (W.D. Tex. Dec. 28, 2022) (cleaned up).
>
> For the same reason, neither does (without more) "seeking 'monetary relief of $250,000 or less' in accordance with [Texas Rule of Civil Procedure] 47(c)(1) [or Rule 47(c)(2)] ... make it facially apparent that the federal jurisdictional amount in controversy is satisfied." *Id.* (cleaned up). A state court petition's pleading the Rule 47(c)(1) or Rule 47(c)(2) range "does not make clear, on its face, that it is seeking more than $75,000, only that it seeks less than $250,000." *Alcala v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:22-CV-95, 2022 WL 4239223, at *3 (S.D. Tex. Aug. 30, 2022), *rec. adopted*, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022); *accord Garza v. Palomar Specialty Ins. Co.*, No. 7:21-CV-00414, 2021 WL 6425093, at *2 (S.D. Tex. Dec. 1, 2021).
>
> And, so, [ ] pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) does not constitute a specific sum demanded that is dispositive of the jurisdictional question under 28 U.S.C. § 1446(c)(2) and does not make it facially apparent that the jurisdictional threshold for the amount in controversy is satisfied to support diversity jurisdiction over this removed action.

*Werder*, 2024 WL 2162821, at *2 (cleaned up); *cf. Escareno v. Stylecraft Home Collection Inc.*, 731 F. Supp. 3d 738, 752 (N.D. Tex. 2024) ("[A]t the least, pointing to Plaintiffs' pleading 'monetary relief over $1,000,000' under Rule 47(c)(4) is enough for the removing Defendants to prove by a preponderance of the evidence that the amount-in-controversy requirement is met because it is facially apparent that Plaintiffs seek a sum or value that exceeds $75,000.").

And, so, Capital One has not shown that the Court possessed subject-matter jurisdiction at the time of removal.

## Recommendation

The Court should remand this lawsuit to the state court from which it was removed unless, within the period for filing objections to this recommendation, Defendant Capital One, N.A. can amend the notice of removal to show the Court that there was federal subject-matter jurisdiction at the time of removal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 7 -